# EXHIBIT 1



**CORPORATION SERVICE COMPANY®**

**null / ALL**
**Transmittal Number: 15272746**
**Date Processed: 06/16/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kristina Cates<br>Laboratory Corporation of America Holdings<br>531 South Spring Street<br>Burlington, NC 27215 |
| **Copy of transmittal only provided to:** | Lynda Andrews<br>Mary Beth Maines<br>Anetta Outlaw<br>Emily Greeson |

| | |
|---|---|
| **Entity:** | Laboratory Corporation of America Holdings<br>Entity ID Number  0475150 |
| **Entity Served:** | Laboratory Corporation of America Holdings |
| **Title of Action:** | Ruth Elaine Graves vs. Laboratory Corporation of America Holdings |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Superior Court, District Of Columbia |
| **Case/Reference No:** | 2016 CA 004139 M |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 06/15/2016 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Lawrence S. Lapidus<br>202-785-5111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Ruth Elaine Graves
_____
                                    Plaintiff

vs.                                        Case Number **2016 CA 004139 M**

Laboratory Corporation of America Holdings, et al.
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Lawrence S. Lapidus
_____          *Clerk of the Court*
Name of Plaintiff's Attorney

1990 M Street NW, Suite 350                By _____
Address                                              Deputy Clerk
Washington, D.C. 20036

(202) 785-5111                              Date    **06/07/2016**
_____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                    Demandante

                    contra

                    Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____           *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____           Por: _____
Dirección                                                    Subsecretario

_____           Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

Filed
D.C. Superior Court
06/07/2016 14:28PM
Clerk of the Court

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Ruth Elaine Graves

vs

Laboratory Corporation of America Holdings, et al.

Case Number: **2016 CA 004139 M**

Date: 06/06/2016

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Lawrence S. Lapidus<br>Firm Name:<br>The Lapidus Law Firm, PLLC<br>Telephone No.:          Six digit Unified Bar No.:<br>(202) 785-5111          175042 | Relationship to Lawsuit<br>☒ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $ 500,000          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

### A. CONTRACTS                    COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☒ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____*/s/Lawrence S. Lapidus /s/*_____          _____**06/06/2016**_____

Attorney's Signature                                    Date

CV-496/ June 2015

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **RUTH ELAINE GRAVES** | : | |
| 4409 Clermont Drive NE, #254 | : | |
| Washington, D.C. 20011 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No.:**  2016 CA 004139 M |
| | : | |
| **LABORATORY CORPORATION OF** | : | |
| **AMERICA HOLDINGS** | : | |
| 531 South Spring Street | : | |
| Burlington, NC 27215 | : | |
| | : | |
| Serve: | : | |
| | : | |
| **Registered Agent:** | : | |
| **Corporation Services Company** | : | |
| 1090 Vermont Avenue NW, Suite 430 | : | |
| Washington, D.C. 20005 | : | |
| | : | |
| and | : | |
| | : | |
| **AN UNKNOWNS PHLEBOTOMIST** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

**COMES NOW** the Plaintiff, Ruth Elaine Graves, PhD (hereinafter "Dr. Graves"), by and

through her attorney Lawrence S. Lapidus, and hereby brings the following cause of action against the

Defendants, an unknown phlebotomist (hereinafter, "Phlebotomist"), and Laboratory Corporation of

America Holdings (hereinafter, "LabCorp"), and states as follows:

1.      That this Honorable Court has jurisdiction over the subject matter of the controversy
under D.C. Code Title 11-921 (2014 Edition), as amended.

2.      Dr. Graves is an adult citizen and a resident of the District of Columbia.

3.      The identity of the Phlebotomist is unknown at this time.

4.      LabCorp is a Corporation duly licensed or qualified to do business within the District of
Columbia, which regularly conducts business in the District of Columbia and has its headquarters in
Burlington, North Carolina.

5.      At all times pertinent hereto, the Phlebotomist and/or LabCorp were licensed and/or
authorized to practice phlebotomy as healthcare professionals from their office at Howard University
Hospital, 2041 Georgia Ave NW, Washington, DC 20060.

6.      At all times pertinent hereto, the Phlebotomist was an employee, agent, servant, partner,
representative of, or joint venturer with, LabCorp.

7.      The medical procedures complained of herein were performed by the Phlebotomist,
individually as the employee, agent and/or servant of LabCorp within the District of Columbia.

8.      Pursuant to DC Code Title 16-2802, Defendant LabCorp was served with the requisite
90-day notice letter of intent to file an action alleging medical malpractice against a health care provider
on March 7, 2016. A copy of the letter and a copy of the executed Affidavit of Service is attached
hereto as **Affidavit of Service, Exhibit 1.**

9.      Pursuant to DC Code Title 16-2804(b), notice to the Phlebotomist under DC Code Title
16-2802 is not required, as this defendant remains unidentified.

2

## STATEMENT OF FACTS

10.     Dr. Graves was under the care and treatment of the Defendants for a blood draw on March 22, 2013, at the LabCorp location at or near Howard University Hospital.

11.     On this date, the Phlebotomist performed a blood draw on Dr. Graves left arm, at or near where it bends at the elbow.

12.     When inserting the needle for the blood draw the Phlebotomist made a forceful blow with a stabbing motion, as opposed to the standard practice of a careful pressure placed behind the needle sufficient to make the initial puncture into the vein.

13.     As a result of the aforesaid breach of the standard of care, the Phlebotomist drove the needle deep into Dr. Graves' arm, so much so that the needle felt as though it had penetrated beyond the vein itself.

14.     The pain as a result of this deep puncture was excruciating, and unlike any blood draw that Dr. Graves had ever undergone.

15.     Thereafter the Phlebotomist pressed the needle even deeper into Dr. Graves' arm. The top half of Dr. Graves' body then suddenly and violently jolted. Dr. Graves' heart and body felt as though all functioning had ceased; shortly thereafter, the same type of jolt was visited upon the lower left side of Dr. Graves' body.

16.     Thereafter, Dr. Graves said: "What did you do? You moved the needle by pushing down or something maybe to come out?" The Phlebotomist smiled and responded: "I'm out now!"

17.     As Dr. Graves left the care of LabCorp and proceeded to her next medical appointment, she immediately noticed the following symptoms: a feeling that her left side was disjointed from the rest of her body, and weakness throughout the left side of her body; her gait was slowed dramatically and it

3

became difficult to walk, at times having to drag her left leg; pain in her heart; pain in the back of her knee; and pain in the palm of her hand.

18.     Over the next few days, Dr. Graves continued to experience pain in her chest and in her left arm and legs, along with fatigue and dizziness. She reported to the Howard University Hospital Emergency Department with the above mentioned symptoms on March 26, 2013.

19.     Over the next three months, the symptoms got progressively worse. Not only did the aforementioned symptoms persist – including but not limited to the chest pain, left arm and leg pain, left side weakness, and fatigue – but the associated pain spread to the left back, neck, spine, and hip. The pressure of a bra strap or a seat belt on the left side proved excruciatingly painful. Likewise, her left side was unable to endure simple tasks such as lifting, carrying, or opening bottles without producing extreme pain and discomfort, as well as fatigue.

20.     Dr. Graves presented to the MedStar Washington Hospital Center (hereinafter "MedStar") on July 6, 2013, with the above mentioned symptoms. In addition, it was demonstrated at MedStar that Dr. Graves was having extraordinary difficulty ambulating, particularly with walking heel-to-toe. On July 23, 2013, Dr. Graves met with Dr. Richard T. Benson. Upon examination, Dr. Benson ruled out other possible causes of Dr. Graves' symptoms, and settled on the following diagnoses: unspecified myalgia and myositis; neck pain; and paresthesia.

21.     On August 19, 2013, Dr. Graves sought treatment with the Washington Medical Group, P.C. (hereinafter "WMG"), where Dr. Anthony Bruno referred her to Dr. Pedro Steven Buarque de Macedo (hereinafter "Dr. Macedo"), a board certified neurologist.

4

22.    On August 28, 2013, an EMG demonstrated left median neuropathy, consistent with Dr. Macedo's original determination that there was damage to the left median nerve as a result of the blood draw performed by the Phlebotomist on March 22. 2013, and his diagnosis of fibromyalgia.

23.    On August 28, 2013, Dr. Macedo determined that the damage to the left median nerve – resulting from the Phlebotomist's breach of the applicable standards of care on March 22, 2013 – resulted at a minimum in a focal myofascial pain syndrome and possibly a global fibromyalgia or reflex sympathetic dystrophy.

24.    By October 14, 2013, Dr. Macedo had settled on a diagnosis of fibromyalgia. It was also noted at this time that the symptoms of Dr. Graves' fibromyalgia were worsening and spreading to the right side of her body.

25.    Over the ensuing months, Dr. Macedo treated Dr. Graves' post-traumatic fibromyalgia with a variety of modalities, some of which caused allergic or other adverse reactions.

26.    Dr. Graves continues treatment for the injuries she sustained on March 22, 2013 to this day, and likewise continues to suffer from those injuries as aforementioned.

## COUNT I
### (Professional Negligence – Healthcare Professional Malpractice of the Phlebotomist)

27.    All of the above contentions are incorporated herein by reference.

28.    At all times pertinent to this occurrence, Defendants owed Dr. Graves a duty of meeting the reasonable national standard of care that is generally used in similar cases and circumstances by reasonably competent phlebotomists, medical practices, and their employees, agents, and contractors, in communities having similar standards and available facilities, which duty these Defendants breached in each and every one of the following ways, any one of which was a departure from the accepted standard of care:

5

a.     Applying excessive force in puncturing Dr. Graves vein;

b.     Failing to properly enter Dr. Graves' vein;

c.     Failure to choose a safe venipuncture site;

d.     Failure to use the proper angle in puncturing Dr. Graves' vein;

e.     Failing to take cognizance of Dr. Graves' anatomy to avoid a needle induced nerve trauma; and

f.     Pressing the needle deeper into Dr. Graves' arm after having already failed to find the vein with the needle.

29.     As a direct and proximate result of the Defendants' breaches of the national standard of care, Dr. Graves suffered injury to her left medial nerve, of which she continues to suffer, and of which she will likely suffer for the foreseeable future.

30.     As a direct and proximate result of the Defendants' breaches of the national standard of care, Dr. Graves suffered, continues to suffer, and will likely suffer for the foreseeable future, mental anguish associated with her physical pain and its negative impact on her enjoyment of life.

31.     As a direct and proximate result of the Defendants' breaches of the national standard of care, Dr. Graves incurred, continues to incur, and will likely incur for the foreseeable future economic losses, including, but not limited to, expenses for medical treatment and medication, and related travel costs.

32.     Dr. Graves avers and alleges that all the injuries, damages and losses claimed herein were and are due solely to the professional negligence, carelessness, and lack of skill of the Defendants, their agents, servants, and employees, who in this instance did not conduct themselves in a competent and skillful manner, failed to exercise the degree of skill, knowledge, and expertise necessary under the

6

circumstances, departed from the generally accepted standards of phlebotomy practice and procedure, and were otherwise generally careless, reckless, and negligent without any negligence on the part of Dr. Graves contributing thereto.

WHEREFORE, Dr. Graves brings this action and demands judgment and compensatory damages in the amount of Five Hundred Thousand dollars ($500,000), plus interest and costs of this action against Defendants, jointly and severally.

## COUNT II
### (Vicarious Liability of Defendant LabCorp)

33.     All of the above contentions are incorporated herein by reference.

34.     The aforementioned negligent actions and omissions of the Phlebotomist were committed while she – the Phlebotomist – was acting as an agent, servant, and/or employee of Defendant LabCorp.

35.     The above-enumerated acts and omissions of the Phlebotomist were committed within the course and scope of her employment and/or agency while furthering the business operations of Defendant LabCorp.

36.     As the principal for the Phlebotomist, Defendant LabCorp is responsible for all of the acts and omissions committed by the Phlebotomist within the course and scope of her agency.

37.     As a direct and proximate cause of the Phlebotomist's breach of the standard of care, Plaintiff Dr. Graves was injured and damaged as aforesaid.

7

**WHEREFORE**, Dr. Graves brings this action and demands judgment and compensatory damages in the amount of Five Hundred Thousand dollars ($500,000) million dollars plus interest and costs of this action against Defendants, jointly and severally.

Respectfully submitted,

**THE LAPIDUS LAW FIRM, PLLC**

_____/s/Lawrence S. Lapidus/s/_____
Lawrence S. Lapidus, Bar #175042
1990 M Street NW, Suite 350
Washington, D.C. 20036
Phone: (202) 785-5111
Fax: (202) 785-5318
llapidus@lapiduslawfirm.com
*Attorney for Plaintiff Graves*

## JURY DEMAND

Plaintiff hereby requests a jury to determine all issues of fact in this case.

_____/s/Lawrence S. Lapidus/s/_____
Lawrence S. Lapidus

8

## AFFIDAVIT

**Re:  D.C. Code Section 16-2802 et seq. Notice of Malpractice Claim / To David P. King or his Designee, Laboratory Corporation of America, 358 South Main Street, Burlington, NC 27215.**

I, R.D. Carter, Jr., CEO of The Carter Corporation, located at 601 Pennsylvania Avenue, N.W., Suite 900 South, Washington, D.C. 20004, do hereby state that I am over the age of 21 and have no interest in this matter.

I do hereby state that I served a Notice to the Registered Agent for Laboratory Corporation of American Corporation Services Company at 1090 Vermont Avenue, N.W., Suite 430, Washington, DC 20005 on March 7, 2016 at 1:16 p.m.

Description:  Black Female; 5 ft., 8 in.; 111 lbs.; 47 years of age.

_____
The Carter Corporation

Subscribed and sworn to before me this ___8___ day of __March__, 20_16_

_____
Notary Public/Deputy Clerk

My commission expires: _9-4-2016_

HEATHER A. MCCLINTIC
Notary Public
Anne Arundel County
Maryland
My Commission Expires Sep 4, 2016



**CSC** **DIGITAL BRAND SERVICES**
CORPORATION SERVICE COMPANY

Corporation Service Company
1090 Vermont Avenue, N.W.
Suite 430
Washington, D.C. 20005
USA

**Uesa Robinson**
Customer Service Specialist
urobinson@cscinfo.com

Office  800 927 9801 ext 62343
Direct  202 466 3131
Fax  202 496 3141
www.cscglobal.com



PLAINTIFF'S
EXHIBIT
1

**Lawrence S. Lapidus**
*Attorney at Law*
*(Admitted D.C., MD, PA.)*



The **Lapidus** Law Firm, PLLC

---

1990 M Street NW Suite 350 Washington, D.C. 20036
Phone: 202-785-5111 • Fax: 202-785-5318
www.attorneylapidus.com • llapidus@lapiduslawfirm.com

<u>**VIA Process Server To Laboratory Corporation's Resident Agent**</u>

David P. King or his designee                          March 7, 2016
Laboratory Corporation of America
358 South Main Street
Burlington, N.C. 27215

**SERVE:**

**Care of Resident Agent,** Corporation Services Company
Washington, DC 20005

> **Re: Notice of Malpractice Claim Pursuant to D.C. Code § 16-2802 *et seq.***
> **on behalf of Ruth Elaine Graves, Ph.D. DOB: 5/9/53**

Dear Mr. King:

Pursuant to the above referenced District of Columbia statute, Dr. Ruth Elaine Graves intends to

file a malpractice claim against your Corporation and the unknown phlebotomist or lab technician who

drew blood from Dr. Graves on March 22, 2013 in the District of Columbia.

This phlebotomist was an employee or apparent agent of your Company and was negligent,

violating national standards of care, when she drew blood from Dr. Graves in the following way: she –

the technician—entered a very visible, large vein of Dr. Graves left arm in the center with a forceful blow

coupled with a stabbing motion; the needle went very deep into Dr. Graves's arm and went so deep that

Dr. Graves felt that the phlebotomist thrust the needle beyond her vein. Dr. Graves describes the pain as

"almost unbearable "and unlike any blood draw she had ever experienced previously. Subsequently, the

phlebotomist/ technician made an even deeper movement with the needle. Dr. Graves experienced a

jolt to the entire top of her body. Shortly thereafter, Dr. Graves experienced a second jolt to the bottom half of her body on the left hand side. She immediately complained to the phlebotomist/technician.

As a result of this negligence, Dr. Graves suffered pain, disability and permanent damage. She intends to file suit in a time consistent with D.C. Code § 16-2801 *et seq.* and asserts all claims recognized by District of Columbia law. Please preserve all of your Company's records pertaining to Dr. Graves, any images you may have of her and any communications pertaining to her, electronic or otherwise.

If you have any questions concerning this matter, please contact me.   Please acknowledge receipt of this letter at your earliest opportunity.

Sincerely yours,

Lawrence S. Lapidus



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RUTH ELAINE GRAVES

Vs.            C.A. No.      2016 CA 004139 M

LABORATORY CORPORATION OF AMERICA HOLDINGS et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STEVEN M WELLNER
Date:  June 7, 2016
Initial Conference: 9:30 am, Friday, September 09, 2016
Location:  Courtroom B-52
           510 4th Street, NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

D.C. Courts Home

## Court Cases Online

Case Search for Person: GRAVES, RUTH

Click here to view search criteria

Search retrieved 2 cases in less than a second.

Click here to view search results

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

Click here to view case summary

---

**2016 CA 004139 M: GRAVES, RUTH ELAINE Vs. LABORATORY CORPORATION OF AMERICA HOLDINGS, et al.**

| Case Type: Malpractice | File Date: 06/07/2016 |
|---|---|
| Status: Open | Status Date: 06/07/2016 |
| Disposition: Undisposed | Disposition Date: |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| GRAVES, RUTH ELAINE | | Plaintiff | LAPIDUS, Mr LAWRENCE S |
| LABORATORY CORPORATION OF AMERICA HOLDINGS | | Defendant | |
| UNKNOWN, UNKNOWN | | Defendant | |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 09/09/2016 | 09:30 AM | Initial Scheduling Conference-60 |

| Docket Date | Description | Messages |
|---|---|---|
| 06/07/2016 | Service Issued | Issue Date: 06/07/2016<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS<br>1090 Vermont Avenue, NW<br>Suite 430<br>WASHINGTON, DC 20005<br>Tracking No: 5000174900<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS<br>531 South Spring Street<br>BURLINGTON, NC 27215<br>Tracking No: 5000174901<br><br>UNKNOWN, UNKNOWN<br>UNKNOWN<br>UNKNOWN, NA 00000<br>Tracking No: 5000174902 |
| 06/07/2016 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 09/09/2016 Time: 9:30 am<br>Judge: WELLNER, STEVEN M Location: Courtroom B-52 |
| 06/06/2016 | Complaint for Malpractice Medical Filed | (FILING ACCEPTED THIS DATE DUE TO SYSTEM ERROR PER CFX) Complaint for Malpractice Medical Filed Receipt: 340711 Date: 06/07/2016 |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|---|---|---|---|---|---|---|---|
| 340711 | 06/07/2016 | LAPIDUS, Mr LAWRENCE S | Efile | $120.00 | Cost | $120.00 | $120.00 |